NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4110
_____

ESTATE OF UBALDO N. RAMOS, by and through Aida DeJesus, Administrator of the
Estate of Ubaldo N. Ramos; AIDA DEJESUS, Individually

v.

CITY OF LANCASTER; POLICE OFFICER HENRY C. BARRIE; SERGEANT
GARY MCCRADY; POLICE CHIEF KEITH SADLER; POLICE OFFICERS JOHN
DOES 1-10; JOHN DOES 1-10


Aida DeJesus, Administratrix of the
Estate of Ubaldo Ramos,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 5-14-cv-03437)
Honorable J. William Ditter, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
May 12, 2017

BEFORE:  AMBRO, RESTREPO, and COWEN, <u>Circuit</u> <u>Judges</u>

(Filed: August 16, 2017)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

COWEN, Circuit Judge.

Plaintiff Aida DeJesus, the administrator of the estate of Ubaldo N. Ramos, appeals from an order of the United States District Court for the Eastern District of Pennsylvania granting the motion for summary judgment filed by Defendants City of Lancaster and Police Officer Henry C. Barrie ("Defendants"). We will affirm.

I.

On August 31, 2012, after Ramos was taken into custody by Officer Barrie and Sergeant Gary McCrady for public drunkenness, he fell and struck his head while attempting to sit down at a City of Lancaster police station. He died as a result of this injury on July 3, 2013. DeJesus brought this action against Defendants pursuant to 42 U.S.C. § 1983, alleging five counts in her amended complaint: (1) a "special relationship" claim that Defendants violated Ramos's right to substantive due process by assuming special responsibility for his well-being and then acting in a deliberately indifferent fashion to his constitutional rights, which resulted in his injury and death; (2) a substantive due process "state-created danger" claim; (3) a wrongful death claim based on Defendants' allegedly unconstitutional conduct; (4) a survival action (also premised on the underlying constitutional violations); and (5) a Monell claim against the City of Lancaster for, inter alia, its failure to train as well as its inadequate policies or practices with respect to the treatment of intoxicated persons.[1]

---

[1] DeJesus also named as defendants Sergeant Gary McCrady, Police Chief Keith Sadler, and several John Does. "Per agreement of the parties, individual defendants Sadler and McCrady and the John Doe Defendants are DISMISSED from this action."

2

Defendants subsequently moved for summary judgment. The District Court granted Defendants' motion and entered judgment in their favor.

## II.

We begin with the underlying due process causes of action.[2] A state actor can be liable for violations of an individual's substantive due process rights under the special relationship theory or the state-created danger theory only if his or her behavior "shocks the conscience." See, e.g., Morrow v. Balaski, 719 F.3d 160, 177 (3d Cir. 2013) (en banc); Nicini v. Morra, 212 F.3d 798, 806-12 (3d Cir. 2000) (en banc). Of the different standards courts may apply to determine whether a state actor's behavior "shocks the conscience," see, e.g., Kaucher v. Cty. of Bucks, 455 F.3d 418, 425-27, 431 (3d Cir. 2006), DeJesus argues that the lowest standard, deliberate indifference, applies. We agree. Under this standard, a state actor's conduct will "shock the conscience" if it shows a deliberate indifference to a serious risk of harm to the plaintiff. See, e.g., Sanford v. Stiles, 456 F.3d 298, 309 (3d Cir. 2006) (per curiam).

According to DeJesus, there are genuine issues of material fact as to whether Officer Barrie was deliberately indifferent to a known risk of harm. The District Court

---

DeJesus ex rel. Ramos v. City of Lancaster, 2016 WL 6600044, at *1 (E.D. Pa. Nov. 8, 2016).

[2] The District Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. We have appellate jurisdiction under 28 U.S.C. § 1291.

We exercise de novo review with respect to a district court's order granting summary judgment, applying the same standard that the district court should apply. See, e.g., S.H. ex rel. Durrell v. Lower Merion Sch. Dist., 729 F.3d 248, 256 (3d Cir. 2013). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

3

relied on videos that recorded what happened at the police station. See, e.g., Scott v. Harris, 550 U.S. 372, 380-81 (2007) ("The Court of Appeals should . . . have viewed the facts in the light depicted by the videotape."). It thereby acknowledged that Ramos was arrested because the officers were concerned he was a risk to himself and others on account of his severe intoxication, Officer Barrie helped Ramos, whose hands were handcuffed behind his back, from the police car and kept his hands on him as he walked to the slating desk, and Officer Barrie got a chair and pushed it behand Ramos because the officer was concerned about his age, intoxication, and balance. "Officer Barrie told him to sit down but Mr. Ramos missed the chair and fell to the floor striking his head." DeJesus ex rel. Ramos v. City of Lancaster, 2016 WL 6600288, at *1 (E.D. Pa. Nov. 8, 2016). Officer Barrie testified at his deposition that "[Ramos] stumbled or side stepped towards the wall" when the officer searched him at the slating desk. (JA153.) Officer Barrie also indicated that he did not recall why he pushed the chair (instead of picking it up and walking it over to Ramos). DeJesus contends that a reasonable jury could find that Officer Barrie was "deliberately indifferent to a known risk, when he issued multiple commands to him, while Ramos was unsupported, and then pushed a chair at the back of him from across the room." (Appellant's Brief at 17.)

We agree with the District Court that the officer's conduct clearly did not rise to the level of deliberate indifference. "Blessed with the wisdom of hindsight," it is reasonable to assert that the officer "should have continued to hold Mr. Ramos' arm and put him into the chair, or he should have had another officer bring a chair over for Mr. Ramos." DeJesus, 2016 WL 6600288, at *4. However, it is undisputed that merely

4

negligent conduct does not constitute deliberate indifference. Given the record in this case, a reasonable jury could not find that Officer Barrie "disregard[ed] a known risk of harm." (Appellant's Brief at 14 (citing Susavage ex rel. Susavage v. Bucks Cty. Sch. Intermediate Unit No. 22, No. CIV.A. 00-6217, 2002 WL 109615 (E.D. Pa. Jan. 22, 2002)). On the contrary, the evidence indicates that Officer Barrie demonstrated concern for Ramos's well-being: he was arrested out of concern for his safety, he was assisted while walking to the slating desk, and a chair was obtained for him to sit. "After Mr. Ramos fell, Officer Barrie called immediately for medical help and tried to keep Mr. Ramos['] airway open." DeJesus, 2016 WL 6600288, at *4. We further note that, while Ramos was handcuffed when the officer helped him to walk and when he stumbled at the slating desk, the handcuffs were removed before the officer went to get the chair. Furthermore, he actually stumbled at the desk while he was being searched, and he did not stumble when Officer Barrie walked away to retrieve a pair of gloves and to throw something in the trash can. Ramos was also able to remove his watch and put it on the desk. Finally, Officer Barrie's act of pushing the chair did not actually cause Ramos to fall. "The video plainly shows that Mr. Ramos is standing and the chair is directly behind him." Id. at *1.

In addition, we conclude that the District Court appropriately disposed of DeJesus's remaining causes of action. Referencing a report from a police expert, DeJesus contends that there are genuine issues of material fact with respect to the City of Lancaster's failure to train and supervise (as well as the existence of a municipal policy or custom regarding the identification, evaluation and handling of intoxicated persons).

5

However, no reasonable juror could find that the municipality was deliberately indifferent to the constitutional rights of individuals like Ramos. See, e.g., Fagan ex rel. Fagan v. City of Vineland, 22 F.3d 1283, 1291-94 (3d Cir. 1994) (noting that inadequacy of training may serve as basis for municipal liability if failure to train amounts to deliberate indifference to rights of persons with whom police come in contact). Specifically, DeJesus does not offer evidence tending to show either a pattern of constitutional violations (e.g., she does not point to any prior incident resembling what happened in this case) or that the consequences of the City of Lancaster's policies or practices were so obvious that the municipality thereby exhibited deliberate indifference. See, e.g., Thomas v. Cumberland Cty., 749 F.3d 217, 223-26 (3d Cir. 2014). Because of the absence of an underlying constitutional violation, Defendants were also entitled to summary judgment on the wrongful death and survival claims (which were premised on constitutional–and not state law–grounds).

## III.

We will affirm the order of the District Court granting Defendants' motion for summary judgment.